## THE LOUISIANA STATE RICE MILLING CO. v. THE NEWTON TEA & SPICE CO.

*Contracts—Sales—Time of shipment—General and specific stipulations reconciled.*

A clause in a written contract for the sale of goods, that the goods shall be shipped "as soon as possible," will not be construed as inconsistent or repugnant to another clause in the same contract, that the goods shall be shipped "within thirty calendar days of date from time when contract is accepted," where such clauses, when considered in connection with the entire contract, can be construed to mean that the goods are to be shipped as soon as possible but not later than thirty days.

(Decided December 4, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Jesse M. Simon* and *Mr. Jos. W. O'Hara,* for plaintiff in error.

*Mr. R. E. Simmonds,* for defendant in error.

BY THE COURT. Plaintiff in error, plaintiff below, brought an action to recover the difference in value between the contract price and the price actually received for a carload of rice flour, which defendant refused to accept.

The cause was submitted to the trial court, without the intervention of a jury, and judgment rendered for defendant, who is defendant in error in this proceeding.

The only contention is as to defendant's right to cancel the contract on November 14, 1918, which was more than thirty days after the con-

tract was entered into. The clauses of the contract bearing on this question are:

"Seller's Option. To ship earlier if possible the flour manufactured by our Peoples Mill."

"Time of Shipment—as soon as possible."

The above are typewritten in the form of contract sent out by the Food Administration. On the back of the contract is printed the following:

"6. Deliveries: It is agreed that the above order shall be shipped or delivered as specified, within thirty calendar days of date from time when contract is accepted.

"7. Contract not subject to change: It is agreed that no agent or representative has authority to modify the terms of this contract, and there shall be no extension of time of shipment under this contract, except as herein stated."

After the armistice was signed the market price of rice flour greatly declined, and defendant wired plaintiff to cancel the contract.

Plaintiff claims that the typewritten words "as soon as possible" control, and that the thirty-days clause is not effective. However, on examination, the various clauses referring to the shipment appear not to be irreconcilable, inconsistent or repugnant.

The contract taken as a whole means that plaintiff was to ship, as soon as possible, but not later than thirty days. The contract was accepted on September 24, 1918, and defendant company was within its rights in notifying plaintiff of the cancellation.

In *German Fire Ins. Co.* v. *Roost,* 55 Ohio St., 581, it is held:

"1. The meaning of a contract is to be gathered

from a consideration of all its parts, and no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible.

"2.  A special provision will be held to override a general provision only where the two cannot stand together. If reasonable effect can be given to both, each is to be retained."

We find no error prejudicial to the plaintiff in error, and the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.